UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STEELWORKERS OF AMERICA, )<br>)<br>Defendant. )<br>) | Case No.: 1:12-cv-01463 - JLT<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION FOR A DENIAL AND REQUEST FOR DENIAL OF BILL OF COST AS A MOTION FOR RECONSIDERATION (Doc. 64)<br><br>ORDER DENYING PLAINTIFF'S MOTION |

On September 26, 2013, the Court granted Defendant's motion for judgment on the pleadings, and dismissed the action with prejudice. (Doc. 58 at 1.) Defendant submitted a Bill of Costs, and the Court taxed costs in the amount of $350.00 against Plaintiff. (Doc. 63.) Thereafter, Plaintiff filed a "Motion for Denial: Request for Denial of Bill of Cost." (Doc. 64.) Given the relief requested, the Court construes Plaintiff's motion to be a request for reconsideration of the costs taxed against him, as well as reconsideration of the Court's determination on the motion for judgment on the pleadings.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ

1

Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff seeks to "remind[] the court of Judge Ishii's decision granting the plaintiff's right to move forward with Lehigh Southwest Cement." (Doc. 64 at 1.) The Court is aware of the decision in Jones v. Lehigh Southwest Cement Company, Inc., Case No. 1:12-cv-0633-AWI-JLT, as the matters were related. In Jones v. Lehigh Southwest Cement Company, Inc., the Court determined Plaintiff's employer did not breach the collective bargaining agreement as it related to confirmatory drug testing and the failure to provide union representation when the drug testing occurred—the claims raised in this case. (Case No. 1:12-cv-0633-AWI-JLT, Doc. 47-8 at 9-10.) In addition, the Court observed that "Plaintiff had a full and fair opportunity to litigate these issues given Jones v. Lehigh was pending for over a year prior to the Court's dismissal of the LMRA claim against Lehigh." (Doc. 58 at 14.) Therefore, the Court determined that Plaintiff's claim for a breach of the duty of fair representation was barred by the doctrine of collateral estoppel. (Id. at 15.) Indeed, Judge Ishii determined the claims against individual union members were barred by 29 U.S.C. §185(b). (Id.)

Thus, Plaintiff has not presented newly discovered evidence or identified an intervening change in controlling law. Further, he has not demonstrated the Court committed a clear error or that

1  its ruling on the motion for judgment on the pleadings was manifestly unjust.  Finally, he presents no
2  reason why the costs should not be taxed against him.  Accordingly, Plaintiff fails to demonstrate
3  reconsideration is appropriate.
4       For the foregoing reasons, **IT IS HEREBY ORDERED**: Plaintiff's motion for denial of costs,
5  construed as a motion for reconsideration, is **DENIED**.

7  IT IS SO ORDERED.

8    Dated:   **January 29, 2014**                             **/s/ Jennifer L. Thurston**
9                                                                                  UNITED STATES MAGISTRATE JUDGE